UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

THOMAS OHMSTEAD, individually,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS LLC,        **JURY DEMAND**
a foreign limited liability company,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff THOMAS OHMSTEAD alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act Fla. Stat. § 559.55 *et seq.* ("FCCPA") against Defendant DYNAMIC RECOVERY SOLUTIONS LLC. Plaintiff alleges that Defendant unlawfully and deceptively called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k as this is a civil action arising under the laws of the United States.

3. This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4. Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5. Plaintiff THOMAS OHMSTEAD is a natural person and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling.

6. Defendant DYNAMIC RECOVERY SOLUTIONS LLC ("Dynamic Recovery") is a debt collector that uses, among other things, an automated telephone dialing system to engage in debt collection and operates from offices located at 135 Interstate Boulevard, Suite 6, Greenville, SC 29615; Plaintiff further alleges that Dynamic Recovery is a citizen of the State of South Carolina.

7. Defendant regularly collects or attempts to collect consumer debts for other persons.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Prior to the institution of this action, the Plaintiff allegedly incurred a consumer debt in connection with a personal credit card.

10. The Plaintiff used the aforementioned credit card for primarily personal, family, and household purposes.

11. The alleged debt was never paid, and Defendant Dynamic Recovery was subsequently engaged to collect it from the Plaintiff.

12. In pursuit of this, the Defendant discovered the Plaintiff's cellular telephone number, and began placing automated calls to him.

13. The Plaintiff's cellular service plan affords him a limited number of "minutes" of usage per month. When all minutes are expended, the Plaintiff is charged for the overage.

14. Upon answering any of these calls, the Plaintiff was greeted by either an automated, machine-operated voice advising him to "press one if this is Thomas Ohmstead," a message advising him to "please hold for the next available agent," or a noticeable period of "dead air" while the caller's telephone system attempted to route the call to a live employee.

15. In at least one such call, the Defendant masked its outbound telephone number to match the Plaintiff's area code. This was done to make it appear on the Plaintiff's telephone that a local number was calling, even though the Defendant is not located in Florida.

16. The Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

17. In sum, the Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

18. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

19. Further, the Defendant deceptively manipulated the appearance of its telephone number on the Plaintiff's telephone screen when it called the Plaintiff. This was done to trick the Plaintiff into answering, thereby costing the Plaintiff some of his minutes of cellular airtime.

## COUNT I
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates paragraphs 1 through 19 herein.

21. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff THOMAS OHMSTEAD, requests that the Court enter judgment in favor of Plaintiff and against Defendant DYNAMIC RECOVERY SOLUTIONS, LLC. for:

   a. $500 dollars in statutory damages for each violation of the TCPA over the last four years;

   b. $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

   c. a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

   e. litigation expenses and costs of the instant suit; and

   f. such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff incorporates paragraphs 1 through 19 herein.

23. Defendant violated 15 U.S.C. § 1692f(5) of the FDCPA by placing telephone calls to Plaintiff and manipulating the appearance of its outbound telephone number to make it appear that a local telephone number was calling.  This concealed the true purpose of the communication, thereby inducing the Plaintiff to answer and causing charges to be incurred by him in the form of minutes of airtime expended.

WHEREFORE, Plaintiff THOMAS OHMSTEAD, requests that the Court enter judgment in favor of Plaintiff and against Defendant DYNAMIC RECOVERY SOLUTIONS, LLC for:

   a. actual damages;

   b. statutory damages of $1,000.00;

   c. attorney's fees, litigation expenses, and costs of the instant suit, and;

   d. such other or further relief as the Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

24. Plaintiff incorporates paragraphs 1 through 19 herein.

25. Defendant violated Fla. Stat. § 559.72(19) of the FCCPA by placing telephone calls to Plaintiff and manipulating the appearance of its outbound telephone number to make it appear that a local telephone number was calling.  This concealed the true purpose of the communication, thereby inducing the Plaintiff to answer and causing charges to be incurred by him in the form of minutes of airtime expended.

WHEREFORE, Plaintiff THOMAS OHMSTEAD, requests that the Court enter judgment in favor of Plaintiff and against Defendant DYNAMIC RECOVERY SOLUTIONS, LLC for:

a. actual damages;

b. statutory damages of $1,000.00;

c. a permanent injunction prohibiting Defendant calling Plaintiffs regarding the alleged debt;

d. attorney's fees, litigation expenses, and costs of the instant suit, and;

e. such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 27th day of January, 2014.

>BRET L. LUSSKIN, Esq.
>*Attorney for Plaintiff*
>20803 Biscayne Blvd., Ste 302
>Aventura, Florida 33180
>Telephone: (954) 454-5841
>Facsimile: (954) 454-5844
>blusskin@lusskinlaw.com
>
>By: /s/ Bret L. Lusskin, Esq.
>    Bret L. Lusskin, Esq.
>    Florida Bar No. 28069